IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

v.                                         Civ. No. 12-1212 LH/GBW

JUANITE M. DURAN, FNU SANCHEZ,
FNU LNU, FNU LNU, and JENNY LNU,

    Defendants.

## ORDER GRANTING DEFENDANT SANCHEZ'S
## MOTION FOR A MORE DEFINITE STATEMENT

This matter comes before the Court on Defendant Cyndi Sanchez's Motion for a More Definite Statement filed on January 3, 2013 and the accompanying briefing. *Docs. 14, 30, 31*. Defendant Sanchez requests that this Court require Plaintiff to file a more definite statement of his complaint under Federal Rule of Civil Procedure 12(e) because the current complaint "fails to state what each of the Defendants did or failed to do and the basis for granting relief as to any particular Defendant." *Doc. 14* at 2.

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Rule

1

12(e) motions should not be used to seek details that can be obtained through later discovery. *United States v. Gustin-Bacon Div., Certainteed Prod. Corp.*, 426 F.2d 539, 543 (10th Cir. 1970). "[R]ather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1156 (D. Kan. 2004) (citation omitted); *see also Crespin v. City of Espanola*, slip op., 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012) (granting motion for more definite statement when number and nature of claims unclear from complaint).

The Court finds that Plaintiff's complaint is so vague and ambiguous that it prevents Defendants from responding to it without risk of prejudice. Although the complaint is lengthy and detailed, it does not make clear either (1) the nature of the claims Plaintiff is bringing or (2) the Defendants against which any claim is brought. As to the first issue, Plaintiff provides a laundry list of causes of action, without identifying any underlying factual support or giving any indication of which Defendants each claim applies to. He states,

> The damage caused by these clerks and NMPD'ers are: destruction of evidence, denial of speedy trial, CENSORSHIP, OBSTRUCTION OF JUSTICE, OUTRAGE GOVERNMENT MISCONDUCT, 1st AMENDMENT, 5th, 14th AMENDMENT DUE PROCESS & 8TH AMENDMENT FREEDOM OF INFORMATION, SPOLIATION, COERCION, EMOTIONAL DISTRESS, ABUSE OF POWER & ABUSE OF AUTHORITY, ABUSE OF THE PROCESS, DENIAL OF ACCESS TO COURT & UNDUE HARDSHIP.

*Doc. 1* at 9. In his response to Defendant Sanchez's motion, Plaintiff argues that his complaint does explain his causes of action and, in support, references "Counts 1-6" of his complaint as well as a "Count 0." *Doc. 30* at 1. However, as there are no numbered counts in Plaintiff's complaint, it is unclear what Plaintiff is referring to.

For those claims that he more thoroughly discusses, Plaintiff fails to link his allegations to individual defendants. Plaintiff's primary claim appears to be ineffective assistance of counsel, but in the discussion of that claim he alternates between general references to NMPD (presumably the New Mexico Public Defenders office) and specific references to Defendant Sanchez, without any coherent underlying rationale for the variance. *Doc. 1* at 13-16. Likewise, Plaintiff's allegations regarding "denial of access to court" refer at times to unspecified court clerks and at times to Defendant Duran alone. *Id*. at 16-18. In his response to Defendant Sanchez's motion, Plaintiff fails to clarify against whom he brings each claim, stating that "the action of one is the actions of all" and "it took each DEFENDANT'S role to cause legal malpractice." *Doc. 30* at 1 (original wording).

Plaintiff also makes numerous allegations against individuals and entities that are not defendants in this action. It is unclear whether those allegations represent additional claims against named defendants or indicate Plaintiff's intention to add additional defendants to this action. For example, toward the end of his complaint, Plaintiff states that he "seeks injunctive relief against DOC toward probation," *doc. 1* at

3

19, but Plaintiff has not named the Department of Corrections as a defendant in this action.  Similarly, Plaintiff recites law regarding municipal liability without making any factual allegations against Bernalillo County.[1]  *Id.* at 12-13.  In his response, Plaintiff says that he "wishes to add ADA Rigler to the complaint," without any further explanation of his potential claims against Rigler.  *Doc. 30* at 2.

For these reasons, the Court finds that Plaintiff's complaint is so vague and ambiguous that Defendants cannot respond to the claims and allegations against them.  In fact, as the complaint stands now, it could be subject to dismissal.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

---

[1] Plaintiff may have intended to name Bernalillo County as a defendant in this action.  *See doc. 1* at 3.  However, the County is not currently listed as a defendant on the docket.  Should Plaintiff wish to assert claims against the County, he may name the County as a defendant in his amended complaint.

4

Therefore, Defendant Sanchez's Motion for a More Definite Statement, *doc. 14*, is GRANTED.  Plaintiff is ordered to file an amended complaint within fourteen (14) days of the issuance of this order.  The amended complaint should clearly list the name and position of each defendant against whom Plaintiff brings this lawsuit.  It should also list in numbered paragraphs the claims Plaintiff wishes to bring against each individual defendant and the factual allegations that support each claim as to that defendant.[2]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court reminds Plaintiff that a complaint requires only "a short and plain statement of [each] claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's cutting and pasting of lengthy legal arguments unrelated to and unsupported by any factual allegations is not necessary and serves only to confuse both Defendants and the Court.