IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

v.                                                        Civ. No. 12-1212 LH/GBW

JUANITE M. DURAN, FNU SANCHEZ,
FNU LNU, FNU LNU, and JENNY LNU,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SANCHEZ'S MOTIONS TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

This matter comes before the Court on Defendant Cyndi Sanchez's Motion to Strike Plaintiff's Amended Complaint (*doc. 38*) and Motion to Strike Plaintiff's March 26 Filing (*doc. 40*). On February 26, 2013, the Court granted Defendant Sanchez's Motion for a More Definite Statement (*doc. 14*), finding that Plaintiff's original complaint was so vague and ambiguous that Defendants could not respond to the claims against them. *Doc. 36*. The Court ordered Plaintiff to file an amended complaint clarifying his allegations. *Id*. Plaintiff then filed an amended complaint on March 15, 2013. *Doc. 37*. Defendant Sanchez moved to strike that complaint for failure to comply with the Court's order or, in the alternative, to require Plaintiff to file a second more definite statement of his claims. *Doc. 38* at 1. On March 26, 2013, Plaintiff filed a second amended complaint. *Doc. 39*. Defendant Sanchez moved to strike that complaint as

1

well and incorporated by reference her prior motion. *Doc. 40* at 3. Plaintiff responded on April 17, 2013, *doc. 42*, and Defendant Sanchez replied on April 23, 2013, *doc. 45*.

As the Court noted in its prior order, Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Rule 12(e) motions should not be used to seek details that can be obtained through later discovery. *United States v. Gustin-Bacon Div., Certainteed Prod. Corp.*, 426 F.2d 539, 543 (10th Cir. 1970). "[R]ather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1156 (D. Kan. 2004) (citation omitted); *see also Crespin v. City of Espanola*, slip op., 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012) (granting motion for more definite statement when number and nature of claims unclear from complaint).

The Court finds that Plaintiff's amended complaint[1] remains so vague and ambiguous that it prevents Defendants from responding to it without risk of prejudice.

---

[1] The Court will treat Plaintiff's second amended complaint, *doc. 39*, as the operative complaint since it appears that the only difference between it and the first amended complaint is the addition of numbered paragraphs. *See 42* at 2.

2

The new complaint retains and expands upon the content of Plaintiff's original complaint without clarifying it sufficiently so that Defendants may respond to it.  For example, Plaintiff has reiterated the same laundry list of causes of action described by the Court in its prior order, merely adding the words "Count 1" in front of it.  *Id*. at 11.  While he has added a number of subsequent paragraphs also labeled "Count 1," describing Plaintiff's claims under that count against each individual Defendant, the content of those claims is still not apparent.  *Doc. 39* at 19.  Plaintiff continues to refer to a variety of constitutional provisions, statutes, and cases without making clear which are the source(s) of his cause(s) of action.

      Plaintiff's Counts 2, 3, and 4 suffer from similar problems.  Plaintiff asserts a new claim of false imprisonment in Count 4 but fails to connect the allegations in that Count to any of the named Defendants.  *Id.* at 24.  Counts 2 and 3 are nearly identical to those in the original complaint; Plaintiff's interspersion of a few new sentences does little to clarify those claims.  *Id*. at 19-23.

      For these reasons, Defendant Sanchez's Motions to Strike, *docs. 38 & 40*, are GRANTED IN PART AND DENIED IN PART.  Defendant Sanchez's requests that the Court strike Plaintiff's pleadings and schedule a hearing are DENIED.  Her request that Plaintiff file a more definite statement is GRANTED.

      Plaintiff is ordered to file a second amended complaint within fourteen (14) days of the issuance of this order.  The amended complaint should clearly list the name and

position of each defendant against whom Plaintiff brings this lawsuit. It should also contain a separate count for each cause of action. For example, if Plaintiff wishes to bring claims under multiple constitutional amendments, he should have a separate count for each amendment. Within each count, Plaintiff should describe when, where, and how his rights were violated and how the conduct of each Defendant caused or contributed to that violation. If a Defendant did not contribute to a particular violation, he or she should be omitted from that count. Plaintiff is reminded that failure to clarify the complaint may result in its dismissal. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE