IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

v.                                          Civ. No. 12-1212 LH/GBW

JUANITE M. DURAN, FNU SANCHEZ,
FNU LNU, FNU LNU, and JENNY LNU,

    Defendants.

**PROPOSED FINDINGS AND RECOMMEND DISPOSITION**

This matter comes before the Court on Defendant Cyndi Sanchez's Motion to Strike Plaintiff's Amended Complaint Filed May 16, 2013. *Doc. 49*. Defendant Sanchez asks that the Court dismiss this case due to Plaintiff's failure to comply with my orders for a more definite statement. *Id*. I find the motion well-taken and recommend that the Court grant it and dismiss this action without prejudice.

**I.**    **BACKGROUND**

Plaintiff filed his original complaint on November 15, 2012. *Doc. 1*. On January 3, 2013, Defendant Sanchez filed her motion for a more definite statement. *Doc. 14*. I granted that motion on the basis that Plaintiff's original complaint was so vague and ambiguous that Defendants could not respond to the claims against them. *Doc. 36*. I ordered Plaintiff to file an amended complaint clarifying his allegations. *Id*. In particular, I instructed Plaintiff to "clearly list the name and position of each defendant

1

against whom Plaintiff brings this lawsuit" as well as "the claims Plaintiff wishes to bring against each individual defendant and the factual allegations that support each claim as to that defendant."  *Id*. at 5.  I cautioned Plaintiff that "as the complaint stands now, it could be subject to dismissal."  *Id*. at 4.

Plaintiff filed an amended complaint on March 15, 2013.  *Doc. 37*.  Defendant Sanchez moved to strike that complaint for failure to comply with the Court's order or, in the alternative, to require Plaintiff to file a second more definite statement of his claims.  *Doc. 38* at 1.  On March 26, 2013, without waiting for a ruling on the pending motion, Plaintiff filed a second amended complaint.[1]  *Doc. 39*.  Defendant Sanchez moved to strike that complaint as well and incorporated by reference her prior motion.  *Doc. 40* at 3.  I granted Defendant Sanchez's request for a more definite statement but denied the request to strike Plaintiff's pleadings.  *Doc. 47*.  In that order I provided thorough instructions as to how Plaintiff should clarify his complaint:

> The amended complaint should clearly list the name and position of each defendant against whom Plaintiff brings this lawsuit.  It should also contain a separate count for each cause of action.  For example, if Plaintiff wishes to bring claims under multiple constitutional amendments, he should have a separate count for each amendment.  Within each count, Plaintiff should describe when, where, and how his rights were violated and how the conduct of each Defendant caused or contributed to that violation.  If a Defendant did not contribute to a particular violation, he or she should be omitted from that count.

---

[1] This document is titled "First Amended Complaint" on the Court's docket.  *See doc. 39.*

2

*Doc. 47* at 3-4. I reminded Plaintiff "that failure to clarify the complaint may result in its dismissal." *Id*. at 4.

On May 16, 2013, Plaintiff filed his third amended complaint.[2] *Doc. 48*. In response, Defendant Sanchez filed the instant motion asking that the Court strike this latest amended complaint and dismiss this case. *Doc. 49* at 3. In the alternative, she requests that the Court once again order Plaintiff to provide a more definite statement. *Id*.

## II.  ANALYSIS

I find that Plaintiff's latest amended complaint fails to remedy the inadequacies I identified in my prior orders and therefore recommend that the Court dismiss this case. The latest iteration of Plaintiff's complaint suffers from the same deficiencies as its predecessors. While in this incarnation Plaintiff intersperses dates and new sentences throughout, he retains nearly all of the first two complaints' highly confusing language. Each of his counts contain a wealth of references to constitutional provisions, statutes, and cases without explaining which are the source(s) of his cause(s) of action. For example, according to Plaintiff, the source of Count 1 is "Legal Mal-Practice Destruction of Evidence, OUTRAGE GOVERNMENT MISCONDUCT, OBSTRUCTION OF JUSTICE, and COERCION." *Doc. 48* at 11 (original formatting). He then cites to "Rule 8.4" but provides no other context either for the source of that rule or how that rule

---

[2] While titled the "Seconded Amended Complaint," this complaint is the third amendment to Plaintiff's original complaint.

creates a civil cause of action.  *Id.*  His counts also overlap, making it difficult to glean what distinguishes one from the next.  For example, both Counts 1 and 2 include in their headings "legal malpractice," "destruction of evidence," and "obstruction of justice."  *Id.* at 11, 13.  Counts 2, 3, 5, 6, and 7 all refer to "abuse of power," "abuse of process," and "denial of access to court" with no apparent distinctions indicating what would make each count a unique cause of action.  *Id*. at 13-17.  To the extent that Plaintiff intended each of these counts to address a different defendant, he fails to make that clear—he does not list the relevant defendant in the heading and refers to multiple defendants throughout each count.

    Equally important, Plaintiff fails to explain how the conduct of each individual defendant caused the specific violations he asserts.  *See id*. at 3-5.  To be sure, Plaintiff rails against each defendant, describing the ways in which he feels they wronged him. He does not, however, connect those wrongs to the constitutional rights he alleges they infringed.  In fact, much of the conduct he describes appears to be an innocent application of state court procedure—for example, he accuses the state court clerks of refusing to accept his *pro se* filings and Defendant Sanchez of obeying the court's order to continue representing Plaintiff.  *Id*. at 14-19. Moreover, his allegations are inconsistent: in the same breath he accuses Defendant Sanchez both of continuing to represent him in state court despite his desire to proceed *pro se* and of failing to fulfill

4

her "duty" to recover evidence from the crime scene. *Id*. at 12.   In sum, Plaintiff's complaint essentially requires Defendants to guess the claims brought against them.

Federal Rule of Civil Procedure 12(e) allows a court to "strike the pleading or issue any other appropriate order" if a party fails to obey its order to provide a more definite statement.  Fed. R. Civ. P. 12(e).  Under Rule 41(b) a court may grant a motion to dismiss if a plaintiff fails to comply with a court order.  Fed. R. Civ. P. 41(b).  Because Plaintiff has failed to comply with my orders to provide a more definite statement of his claims, this Court may dismiss his complaint pursuant to both of these rules.

Federal Rule of Civil Procedure 12(b)(6) provides an alternative ground for dismissal: Plaintiff's complaint is so vague and confusing that it fails to state a plausible claim for relief as required by Rule 8(a).  *See Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007).  The purpose of Rule 8 and the plausibility requirement is, in part, "to inform the defendants of the actual grounds of the claim against them.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 n.3).  Because Plaintiff's allegations "are so general that they encompass a wide swath of conduct, much of it innocent," he has "not nudged [his] claims across the line from conceivable to plausible." *Robbins*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks omitted).

### III.   CONCLUSION

Because Plaintiff has failed to state a claim and has failed to comply with court orders despite being given numerous opportunities to do so, I recommend that the Court grant Defendant Sanchez's motion (*doc. 49*) and dismiss this action without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**