IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

v.                                        Civ. No. 12-1212 LH/GBW

JUANITA M. DURAN, FNU SANCHEZ,
FNU LNU, FNU LNU, and JENNY LNU,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION AND DISMISSING COMPLAINT**

This matter comes before the Court on Plaintiff's objections, *doc. 58*, to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), *doc. 56*. The Court overrules the objections, adopts the PFRD, grants Defendant Cyndi Sanchez's motion, *doc. 49*, and dismisses this case without prejudice.

**I.    BACKGROUND**

Since the Magistrate Judge's PFRD describes in detail the background of this case, the Court will provide only a brief summary here.  Plaintiff filed his original complaint on November 15, 2012.  *Doc. 1*.  On a motion by Defendant Sanchez, the Magistrate Judge found the complaint to be so vague and ambiguous that Defendants could not respond to it, and ordered Plaintiff to provide a more definite statement of his allegations.  *Doc. 36*.

1

Plaintiff filed an amended complaint on March 15, 2013 and a second amended complaint on March 26, 2013. *Doc. 37*. Again, on a motion by Defendant Sanchez, the Magistrate Judge found that Plaintiff's complaint remained so confusing that Defendants could not respond to it, and ordered Plaintiff to file a third amended complaint clarifying his allegations. *Doc. 47*.

On May 16, 2013, Plaintiff filed his third amended complaint. *Doc. 48*. Defendant Sanchez moved to strike the complaint and dismiss this case. *Doc. 49*. The Magistrate Judge issued his PFRD on July 2, 2013, finding that Plaintiff had failed to remedy the many inadequacies identified in prior orders, and recommending that the Court dismiss this case for failure to comply with court orders and failure to state a plausible claim for relief. *Doc. 56*. Plaintiff filed his objections on July 9, 2013.[1] *Doc. 58*.

## II.  STANDARD OF REVIEW

When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

---

[1] Plaintiff also filed a document titled "Pro-se Response in Objection to Court's Position on Habeas Corpus Petition." *Doc. 57*. This filing appears to be a response to Magistrate Judge Vidmar's PFRD in Plaintiff's pending habeas corpus case, *Jackson v. N.M. Department of Corrections*, 12cv543 LH/SMV. Plaintiff may wish to refile this document in that case. To the extent that Plaintiff wishes to "incorporate" his habeas case into this case, *doc. 57* at 3, he cannot do so unilaterally. Consolidation of cases is discretionary. Fed. R. Civ. P. 42(a). Given that the Magistrate Judges in both of these cases have already issued PFRDs recommending dismissal and that habeas cases are governed by a separate set of rules, consolidation is not judicially efficient. To the extent that the objections listed in that filing (*doc. 57*) are intended for this case, they are without merit and are overruled.

2

instructions." Fed. R. Civ. P. 72(b)(3). The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**III.    ANALYSIS**

Plaintiff's objections suffer from the same problems as his complaints—they are poorly organized, difficult to understand, and include a confusing combination of his own work and paragraphs copied and pasted from other, unidentified sources. The Court reads them to make three objections to the Magistrate Judge's PFRD. First, Plaintiff claims that he complied with the Magistrate Judge's instructions as to how to improve his complaint. *Doc. 58* at 1. In particular, he argues that he provided a "separate motion in support with each Amendment claim separate." *Id*. By this he presumably means that he broke out his claims into separate counts, each with their own support, as requested by the Magistrate Judge. *See doc. 47* at 3-4. A perusal of Plaintiff's complaint shows that this is simply not true. As the Magistrate Judge noted, in every count Plaintiff lists numerous constitutional provisions, statutes, and cases without explaining which are the source(s) of his cause(s) of action. *See, e.g., doc. 48* at 3. He also refers to numerous individuals throughout the complaint without clarifying

3

against whom each particular claim is being brought. Contrary to his assertion, the Court is not opposed to Plaintiff's grouping all of his due process claims into a single count so long as the claims are intelligible to the Court and the other parties to this dispute. *See doc. 58* at 1. The issue is not the organization chosen by Plaintiff; it is that his complaint is incomprehensible. In fact, it is still not clear to the Court which, if any, of his counts allege due process violations.

Second, Plaintiff accuses the Magistrate Judge of either lacking the ability to understand his complaint or intentionally misunderstanding it in order to avoid proceeding with this action. *Doc. 58* at 2. He claims that this Court understood and approved the original complaint, implying that the Magistrate Judge should have understood it as well. *Id*. Presumably Plaintiff is referring to the Court's order granting Plaintiff's motion seeking permission to proceed in forma pauperis. *Doc. 4*. In that order, the same Magistrate Judge concluded that "Plaintiff's Complaint asserted a nonfrivolous argument on the law . . . ." *Id*. at 1. However, simply because Plaintiff cleared that low hurdle does not mean that he has presented a sufficiently clear complaint under Rule 8 despite being given a number of opportunities to do so.

Indeed, just as the Magistrate Judge, this Court is unable to comprehend Plaintiff's Complaint. For example, the Magistrate Judge used Plaintiff's reference to "Rule 8.4" as an example of the confusion generated by the third amended complaint since Plaintiff did not list the source of that rule. *See doc. 56* at 3-4. In response, Plaintiff

in his objections cuts and pastes the text of "Rule 8.4 – Misconduct" but still fails to answer fundamental questions: Rule 8.4 of what?  How does that Rule serve as the basis for a cause of action? Against whom would a charge under the Rule be directed?

Third, Plaintiff complains that the Court will only allow him to include in his complaint the names of defendants, not the names of other people involved in the events described.  *Doc. 58* at 3.  This is patently false—the Magistrate Judge never instructed Plaintiff to omit from his complaint the names of people other than defendants.  He merely ordered Plaintiff to clarify the complaint so that the reader can understand which individuals are defendants and what counts Plaintiff brings against each.  Plaintiff has failed to do so.

## IV.   CONCLUSION

Plaintiff's objections provide a good example of the sort of confusing language and haphazard cutting and pasting that led the Magistrate Judge to recommend dismissal of his complaint, and they fail to undermine his reasoning.  The Court therefore OVERRULES Plaintiff's objections, *doc. 58*, ADOPTS the Magistrate Judge's PFRD, *doc. 56*, and GRANTS Defendant Sanchez's motion, *doc. 49*.  Plaintiff's complaint is DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) for his failure to state a plausible claim for relief and his failure to comply with the Court's orders to provide a more definite statement.

_____
SENIOR UNITED STATES DISTRICT JUDGE